UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELENE JEAN-LOUIS and
JUDES PETIT-FRERE,

    Plaintiffs,

v.                                      Case No: 8:13-cv-3084-T-30AEP

CLEAR SPRINGS FARMING, LLC,
FLORIDA GOLD CITRUS, INC., JACK
GREEN, JR. , HOWARD LEASING,
INC. and HOWARD LEASING III, INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendants Howard Leasing, Inc. and Howard Leasing III, Inc.'s Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. 55) and Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment and Motion for Relief Under 56(d) (Dkt. 56). Upon review and consideration, it is the Court's conclusion that the motion should be denied as premature.

## DISCUSSION

Plaintiffs brought this action pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act, alleging Defendants' unlawful employment practices including discrimination on the basis of race, color, and national origin. Plaintiffs argue that Defendants Howard Leasing, Inc. and

Howard Leasing III, Inc.'s (the "Howard Defendants") motion for summary judgment should be denied as premature because many of the issues raised will require Plaintiffs to depose witnesses and conduct discovery in order to respond fully. Plaintiffs also move for relief pursuant to Federal Rule of Civil Procedure 56(d).

The Court agrees that the Howard Defendants' motion for summary judgment should be denied as premature. As stated in *Blumel v. Mylander,* 919 F.Supp. 423, 428 (M.D.Fla.1996), Rule 56 "implies [that] district courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery." Furthermore, the Eleventh Circuit has decisively determined that "summary judgment may only be decided upon an adequate record." *Snook v. Trust Co. of Ga. Bank,* 859 F.2d 865, 870 (11th Cir.1988). The Eleventh Circuit expounded:

> [S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery. The party opposing a motion for summary judgment has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits. If the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials. Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to his discovery requests.

*Id.* at 870 (internal citations omitted).

At this stage in the litigation, without adequate discovery, Plaintiffs are unable to respond to the affidavits relied upon in support of the Howard Defendants' motion for summary judgment. Accordingly, the Howard Defendants' motion for summary judgment is premature and is denied without prejudice. The Howard Defendants may

reassert the arguments contained in their motion for summary judgment upon the conclusion of discovery.

It is ORDERED AND ADJUDGED that:

1. Defendants Howard Leasing, Inc. and Howard Leasing III, Inc.'s Motion for Summary Judgment and Incorporated Memorandum of Law (Dkt. 55) is DENIED without prejudice as premature.

2. Plaintiffs' Motion for Relief Under 56(d) (Dkt. 56) is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2013\13-cv-3084 deny sj premature.docx