# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SHELENE JEAN-LOUIS and JUDES
PETIT-FRERE, on behalf of themselves and
others similarly situated,**

      **Plaintiffs,**

**v.**                                 **Case No.  8:13-cv-3084-T-30AEP**

**CLEAR SPRINGS FARMING, LLC,
FLORIDA GOLD CITRUS, INC., JACK
GREEN, JR., HOWARD LEASING , INC.,
and HOWARD LEASING III, INC.,**

      **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Bifurcate (Dkt. 120)

and Defendants' Response in Opposition (Dkt. 127).  The Court, having considered the

motion, response, and being otherwise advised in the premises, concludes that the motion

should be denied.

### DISCUSSION

Plaintiffs Shelene Jean-Louis and Judes Petit-Frere brought the instant class action on

behalf of themselves and others similarly situated against Defendants for race, color, and

national origin discrimination in their employment under 42 U.S.C. § 1981, Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil

Rights Act, as amended, 760.01 - 760.11, Fla. Stat. (2013).  Specifically, Plaintiffs allege that they are black/Haitian/Afro-Haitian/African American.  Defendants recruited them to pick blueberries during the March 2012 season.  Plaintiffs, along with over 100 other black/Haitian/Afro-Haitian/African American farm workers traveled to Lake Wales, Florida, to pick blueberries for Defendants.  Plaintiffs' crew leader was Alteric Jean-Charles. Plaintiffs reported for work from about March 19, 2012, until about March 27, 2012; they were denied work each day.  Plaintiffs were never provided any work during this period of time and returned home without any compensation.  Plaintiffs allege that Defendants' failure to provide them with any work constituted unlawful race, color, and national origin discrimination.

On July 1, 2014, the Court certified the instant class as:

> **any and all black/Haitian/Afro-Haitian/African American seasonal agricultural employees or farm-workers of Defendants who applied to and/or were hired by Defendants on or about March 19, 2012 for a specific crew with the group designation of C13 for a six (6) week period during the 2012 Florida harvesting season and not provided any work by Defendants on the basis of their race, color, and/or national origin.**

(Dkt. 49).

On May 14, 2015, the Court granted summary judgment in favor of Defendants Howard Leasing, Inc. and Howard Leasing III, Inc. and denied Defendants Clear Springs Farming, LLC, Florida Gold Citrus, Inc., and Jack Green, Jr.'s motion for summary judgment (Dkt. 106).  On June 18, 2015, the Court granted the parties' joint motion to continue the pretrial and trial; this case is set on the Court's November 2015 trial docket (Dkt. 117).

Plaintiffs now move to bifurcate the trial into two phases. The first phase would consist of a trial on liability. If Plaintiffs prevail during this phase, the parties would then engage in discovery as to damages with a trial on damages following that discovery period. Defendants oppose the motion and argue that bifurcation would be inefficient. The Court concludes that the proposed bifurcation is inefficient and would unnecessarily delay this case.

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed.R.Civ.P. 42(b). A district court is afforded broad discretion to bifurcate a trial in order to promote convenience and efficiency. *Harrington v. Cleburne Cnty. Bd. of Educ.,* 251 F.3d 935, 938 (11th Cir. 2001); *Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1301 (11th Cir. 2001).

The circumstances in this case do not warrant bifurcation. Indeed, staying discovery as to damages when the parties have ample time to conduct damages discovery prior to the November trial would needlessly delay this case in the event that liability is determined. Plaintiffs' motion largely focuses on the fact that the class involves Haitian farm workers, who speak primarily Haitian-Creole, and who are likely working outside of Florida during the summer months. This point is unpersuasive. The fact that damages discovery may be inconvenient to Plaintiffs does not warrant bifurcation.

Defendants point out that the discovery they seek are simple interrogatories (and related documents) asking whether each individual Plaintiff actually applied for employment with Defendants, whether they sought interim employment, and, if so, where he or she

worked and how much he or she earned.  These are simple questions that are relevant to mitigation.  Defendants also plan on asking each Plaintiff whether he or she suffered any emotional distress damages as a result of Defendants' alleged discrimination.  This question is also simple and relevant because Plaintiffs seek compensatory damages in this case.

In sum, this case is not complex or difficult and Plaintiffs' bifurcation plan does not promote convenience and efficiency.  The Court's ruling herein does not prevent further discussion about the management of the trial.  At the pretrial conference, the parties are free to discuss or suggest other options to manage the class.  For example, depending on the extent of the damages discovery, the trial could be divided in two stages: the first stage dealing with liability and the second stage dealing with damages (before the same jury).  Although the Court offers no opinion as to this option, the Court will entertain further discussion on this issue at the appropriate time.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1.      Plaintiffs' Motion to Bifurcate (Dkt. 120) is denied.

2.      Any stay with respect to damages discovery is lifted.

**DONE** and **ORDERED** in Tampa, Florida on July 15, 2015.


JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-3084.mtbifurcate120-deny.wpd