**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHELENE JEAN-LOUIS, JUDES**
**PETIT-FRERE, on behalf of themselves**
**and others similarly situated,**

    **Plaintiff,**

**v.**                                                                                     **CASE NO.: 8:13-cv-3084-T-30AEP**

**CLEAR SPRINGS FARMING, LLC, a**
**Foreign Limited Liability Company,**
**FLORIDA GOLD CITRUS, INC., a**
**Florida Profit Corporation, JACK GREEN**
**JR., individually, and HOWARD LEASING,**
**INC, a Foreign Limited Liability Company,**

    **Defendant.**

_____/

**ORDER**

This cause comes before the Court on Plaintiffs' Motion for Protective Order Regarding Class Member Discovery (Dkt. 58), Plaintiffs' Memorandum of Law on Absent Class Member Discovery (Dkt. No. 130), and Defendants' Memorandum Regarding, and in Response to, Plaintiffs' Memorandum of Law on Absent Class Member Discovery (Dkt. No. 131). On January 16, 2105, the Court granted in part Plaintiffs' motion for protective order regarding discovery sought for damage mitigation, deferring issues relating to damages discovery. (Dkt. No. 70.)

In the interim, the Honorable James S. Moody, Jr. denied Plaintiff's motion to bifurcate and lifted any stay regarding damages discovery. (Dkt. No. 128.) Pursuant to the Court's June 24, 2015 Order, a hearing was noticed for August 6, 2015, to cover the unaddressed aspects of

damages discovery. At the hearing, the undersigned heard argument on Defendants' request to serve interrogatories on absent class members, as well as the appropriateness of discovery relating to class member immigration status. These matters were taken under advisement.

Upon further review of the parties' memoranda, the Court concludes that the requested absent class member discovery is appropriate. While class member discovery cannot be employed as a tactic to threaten, harass, or reduce class size, individual discovery directed to passive or absent class members is not per se inappropriate and may, even if rarely, be proper. *See Cox v. Am. Cast Iron Pipe Co*. ("Cox"), 784 F.2d 1546, 1556 (11th Cir. 1986); *accord Brennan v. Midwestern United Life Ins. Co*., 450 F.2d 999, 1004 (7th Cir. 1971) (discussing the spirit of Rule 23 as it relates to absent class members submitting to discovery); *see also* § 7B Fed. Prac. & Proc. Civ. § 1796.1 (3d ed.). Plaintiff contends the Eleventh Circuit's four-part test weighs against, and even precludes, discovery in this instance. This argument, however, lacks merit on two grounds. First, the Eleventh Circuit in *Cox* did not endorse, nor did it otherwise create, a four-part test. *See Cox*, 784 F.2d at 1556 ("We cannot conclude that the interrogatories served upon plaintiffs in this case would satisfy Brennan and Clark, *were we to follow those rulings*.") (emphasis added). Second, even if such a balancing test or one similar to it were employed in this instance, the facts at hand do not weigh against discovery. The proposed interrogatories at issue are simple, non-technical, and, if translated into the appropriate languages, do not require professional assistance to understand. Moreover, the Court does not find that the request is a tactic designed to take undue advantage of class members or reduce the size of the class. Instead, the proposed interrogatories are helpful to the proper presentation and correct adjudication of the principal suit in that they are designed to elicit information regarding damages mitigation—information this Court has already deemed simple and relevant to

Plaintiffs' prayer for compensatory damages.  *See* Order, July 15, 2015, 4, ECF No. 128.  The undersigned agrees that the subject information is appropriate to assist in preserving Defendants' right to conduct a thorough and adequate defense in this case.  Therefore, while the Court may ultimately be bridled in levying sanctions for absent class member noncompliance, it nevertheless concludes that Defendants are entitled to serve the proposed interrogatories pursuant to the Federal Rules of Civil Procedure.  *See Cox*, 784 F.2d at 1556-57 (declining to approve the use of the discovery sanction of dismissal against passive class members in a class action suit, even to the extent allowed for by other Circuits).

Turning next to the proposed question regarding absent class member immigration status—the Court finds the question appropriate for discovery purposes.  The Supreme Court's analysis in *Hoffman Plastic Compounds, Inc. v. N.L.R.B.* ("Hoffman") appears to support the proposition that a plaintiff's claim for back-pay under Title VII may be subject to that plaintiff's immigration status and ability to work legally in the country.  *See* 535 U.S. 137, 152 (2002).  As Defendants argue, several district courts have either directly ruled on this issue or have intimated that the logic employed in *Hoffman* is transferrable.  *See, e.g., Escobar v. Spartan Sec. Serv.*, 281 F. Supp. 2d 895 (S.D. Tex. 2003) (finding claim to back-pay under Title VII foreclosed as a matter of law under *Hoffman*); *Iweala v. Operational Techs. Servs.*, 634 F. Supp. 2d 73, 80 (D.D.C. 2009) (noting that immigration and employment status may limit remedies under Title VII); *De La Rosa v. N. Harvest Furniture*, 210 F.R.D. 237 (C.D. Ill. 2002) (declining to hold *Hoffman*'s analysis dispositive but finding immigration status to be potentially relevant from post-termination to the date the employee is offered reinstatement).

Accordingly, for the reasons stated on record at the hearing, and upon further review of the parties' memoranda, it is hereby

ORDERED:

1. Defendants' Proposed Absent Class Member Interrogatories (Doc. 131, Ex. A) are APPROVED.  Plaintiffs shall bear the cost of administrating the discovery requests with the exception of costs relating to language translation, which shall be paid by Defendants.

2. Defendants shall serve the subject interrogatories within **seven (7)** days of the date of this Order.

**DONE AND ORDERED** at Tampa, Florida this 19th day of August, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of Record