# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**SHELENE JEAN-LOUIS, JUDES
PETIT-FRERE, on behalf of themselves
and others similarly situated,**

      **Plaintiff,**

**v.**                                          **CASE NO.: 8:13-cv-3084-T-30AEP**

**CLEAR SPRINGS FARMING, LLC, a
Foreign Limited Liability Company,
FLORIDA GOLD CITRUS, INC., a
Florida Profit Corporation, JACK GREEN
JR., individually, and HOWARD LEASING,
INC, a Foreign Limited Liability Company,**

      **Defendant.**

_____/

## REPORT AND CERTIFICATION

      This cause comes before the Court *sua sponte*.  For the reasons that follow, the undersigned recommends that the Court hold Mr. Salvador Grajeda ("Mr. Grajeda") in civil contempt.

      On May 7, 2015, the undersigned granted Defendants' motion to have non-party witness Salvador Grajeda show cause why he should not be held in contempt.  (Dkt. No. 101.)  The Court directed Mr. Grajeda to either successfully complete his scheduled deposition or appear before to the Court to show cause why he should not be held in contempt.  (Dkt. No. 101.)

      On June 1, 2015, counsel filed a joint notice informing the Court that Mr. Grajeda had been in contact with Plaintiffs' counsel and requesting that, in light of the rescheduled deposition, the Court continue its scheduled show cause hearing.  (Dkt. No. 110.)  The Court obliged and granted a continuance.  (Dkt. No. 111.)  On June 11, 2015, Defendants filed notice that Mr. Grajeda had

failed to appear for his properly-noticed rescheduled June 11th deposition.  (Dkt. No. 113.)
Subsequently, Mr. Grajeda also failed to appear for the rescheduled show-cause hearing held on
June 22, 2015.  (Dkt. Nos. 119, 123.)

At that time, the undersigned imposed sanctions on Mr. Grajeda in the amount of
$1,000.00, to be extinguished if Mr. Grajeda was successfully deposed on July 28, 2015.  (Dkt.
No. 123.)  The Order additionally made clear that failure to appear would result in the Court
directing the U.S. Marshal to apprehend and produce Mr. Grajeda to show cause why he should
not be held in contempt pursuant to Federal Rule of Civil Procedure 45(g).[1]  (Dkt. No. 123.)  On
July 29, 2015, Defendants filed notice that Mr. Grajeda failed to appear at his scheduled deposition
as ordered by the Court.  (Dkt. No. 129.)  At the August 6, 2015 hearing held on this and other
matters, the Court left in place the sanctions previously imposed on Mr. Grajeda, and took the
issue of civil contempt under advisement.

Civil contempt, as opposed to criminal contempt, provides courts with a sanction to enforce
compliance with an order of the court or to compensate a complainant for losses or damages
sustained by reason of noncompliance.  *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191
(1949) (citations omitted); *see Mercer v. Mitchell*, 908 F.2d 763, 768 (11th Cir. 1990).  Indeed,
courts unquestionably maintain inherent power to enforce compliance with their lawful orders
through civil contempt.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (noting that the power
to punish for contempt is inherent in all courts); *Shillitani v. United States*, 384 U.S. 364, 370
(1966) ("There can be no question that courts have inherent power to enforce compliance with
their lawful orders through civil contempt."); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943

---

[1] The U.S. Marshals Service served the Order on Mr. Grajeda by substitute service on his
wife, a Ms. Juana Santos, at Mr. Grajeda's usual place of abode.  Ms. Santos indicated Mr.
Grajeda had been in Mexico since the beginning of June and stated she would contact Mr.
Grajeda regarding the Order.  (Dkt. No. 126.)

F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders through civil contempt.").  The underlying concern giving rise to this contempt power is not merely the disruption of court proceedings but rather the disobedience to orders of the judiciary and abuse of the judicial process.  *Chambers*, 501 U.S. at 44 (citation omitted).  Civil contempt sanctions, penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  *Int'l Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827 (1994); *see, generally, United States v. Roberts*, 858 F.2d 698, 700 (11th Cir. 1988) ("If the contempt order was designed to exert pressure on the recalcitrant party, a device to compel compliance with an earlier court decree, then the proceeding was civil" (citation omitted)).

Where a party acts or refuses to act in accordance with a court order, the opposing party typically requests the court to order the offending party to show cause why it should not be held in contempt and sanctioned pending compliance.  *Mercer*, 908 F.2d at 768.  If the court then determines that the conduct as alleged would violate the court's prior order, the court ought enter an order requiring the offending party to show cause why it should not be held in contempt and hold a hearing on the matter.  *Id.*  A party seeking civil contempt must establish by clear and convincing evidence that the purported contemnor violated the court's prior order.  *Roberts*, 858 F.2d at 700 (citation omitted); *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998).  Once the party seeking contempt makes this *prima facie* showing, the burden shifts to the alleged contemnor to produce detailed evidence specifically explaining why he cannot comply, which requires more than a mere assertion of an inability to comply.  *Roberts*, 858 F.2d at 701.  Instead, the alleged contemnor must show he has, in good faith, made all reasonable efforts to comply with the order.

*Id.*; *Chairs*, 143 F.3d at 1436.  If the alleged contemnor makes a sufficient showing, the burden then shifts back to the party seeking to show contempt to prove ability of the alleged contemnor to comply with the court's prior order.  *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

As detailed above, Defendants have established by clear and convincing evidence that Mr. Grajeda repeatedly violated the Court's Orders.  Despite receiving multiple opportunities to comply with the Court's Orders, to appear for rescheduled depositions, and to be heard as to his reasons for noncompliance, Mr. Grajeda has exhibited complete disregard for this Court's Orders and the entire judicial process.  Indeed, Mr. Grajeda received multiple opportunities to appear and show cause why he should not be held in contempt, and Mr. Grajeda simply failed to appear.  Mr. Grajeda has thus failed to produce any evidence, much less detailed evidence, specifying why he cannot comply or demonstrating that he has, in good faith, made all reasonable efforts to comply with the Court's prior Orders.

Against this backdrop, the undersigned finds that Mr. Grajeda has demonstrated a pattern of willful disregard for the Court's directives and will continue to do so unless severe sanctions are imposed.  His repeated disregard for judicial decrees and the entire judicial process constitutes good cause for the imposition of severe sanctions.  Accordingly, the undersigned recommends that the Court hold Mr. Grajeda in civil contempt.  Namely, that the Court issue a warrant for Mr. Grajeda's arrest and incarcerate Mr. Grajeda until such time as he complies with the Court's Orders directing him to submit to deposition and respond to any additional outstanding discovery requests. Therefore, in consideration of Mr. Grajeda's repeated failure to comply with the Court's Orders, repeated failure to appear to show cause why he should not be held in contempt, and in light of Defendants' outstanding discovery requests, the undersigned, pursuant to the provisions of 28

U.S.C. § 636(e)(6)(B)(iii), certifies the preceding facts to the district judge and recommends the district judge hold Mr. Grajeda in contempt.

Accordingly, it is hereby

RECOMMENDED:

1. Defendants' request for sanctions be granted to the extent that the district judge hold Mr. Grajeda in contempt by issuing a warrant for his arrest and incarcerating him until such time as he complies with the Court's prior Orders by submitting to deposition.

2. If Mr. Grajeda complies with the Court's Orders by submitting to deposition within the fourteen (14) day time period for filing objections to this Report and Certification, I recommend that no additional sanctions be issued.

3. The U.S. Marshal is directed to serve a copy of this Report and Certification upon Mr. Grajeda at the following address: 2835 2nd Ave., Apt. I, Mulberry, FL 33560.

**DONE AND ORDERED** at Tampa, Florida this 19th day of August, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of Record