UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELENE JEAN-LOUIS and JUDES
PETIT-FRERE, on behalf of themselves and
others similarly situated,

    Plaintiffs,

v.                                        Case No.  8:13-cv-3084-T-30AEP

CLEAR SPRINGS FARMING, LLC,
FLORIDA GOLD CITRUS, INC., and
JACK GREEN, JR.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Renewed Motion for Summary Judgment (Dkt. 153), Plaintiffs' Response in Opposition (Dkt. 156), and the parties' Supplemental Briefs (Dkts. 175, 179).  The Court, having considered the motion, response, supplemental briefing, record evidence, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiffs Shelene Jean-Louis and Judes Petit-Frere brought the instant class action on behalf of themselves and others similarly situated against Defendants for race, color, and national origin discrimination in their employment under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act, as amended, 760.01 - 760.11, Fla. Stat. (2013).  Specifically, Plaintiffs allege that

they are black/Haitian/Afro-Haitian/African American. Defendants recruited them to pick blueberries during the March 2012 season. Plaintiffs, along with over 100 other black/Haitian/Afro-Haitian/African American farm workers traveled to Lake Wales, Florida, to pick blueberries for Defendants. Plaintiffs' crew leader was Alteric Jean-Charles. Plaintiffs reported for work from about March 19, 2012, until about March 27, 2012; they were denied work each day. Plaintiffs were never provided any work during this period of time and returned home without any compensation. Plaintiffs allege that Defendants' failure to provide them with any work constituted unlawful race, color, and national origin discrimination.

On July 1, 2014, the Court certified the instant class as:

> **any and all black/Haitian/Afro-Haitian/African American seasonal agricultural employees or farm-workers of Defendants who applied to and/or were hired by Defendants on or about March 19, 2012 for a specific crew with the group designation of C13 for a six (6) week period during the 2012 Florida harvesting season and not provided any work by Defendants on the basis of their race, color, and/or national origin.**

(Dkt. 49).

On May 14, 2015, the Court granted summary judgment in favor of Defendants Howard Leasing, Inc. and Howard Leasing III, Inc. and denied Defendants Clear Springs Farming, LLC, Florida Gold Citrus, Inc., and Jack Green, Jr.'s motion for summary judgment (Dkt. 106).

On October 7, 2015, the Court held a hearing on Defendants' motion in limine; at the hearing, the Court ruled that it would strike the Declaration of Salvador Grajeda (Dkt. 94-1) because his subsequent deposition testimony revealed that his declaration lacked personal

knowledge.[1] The Court also provided Defendants with another opportunity to file a motion for summary judgment in light of the fact that Plaintiffs had cited Grajeda's declaration as record evidence to create a genuine issue of material fact in order to defeat Defendants' original motion for summary judgment (Dkt. 150).

On October 27, 2015, Defendants filed their renewed motion for summary judgment (Dkt. 153). On November 12, 2015, Plaintiffs filed their response (Dkt. 156). Notably, and in relevant part, Plaintiffs relied upon two new pieces of record evidence: Declarations of Jean Claude Joseph and Michel Desulme. Defendants then moved to strike the two declarations, arguing that Plaintiffs did not properly disclose Joseph and Desulme as witnesses in this case and that the declarations were conclusory and lacked proper foundation (Dkt. 164).

On December 17, 2015, the Court denied Defendants' motion to strike but provided Defendants an opportunity to depose Joseph and Desulme. The Court also permitted the parties to supplement their briefs after the conclusion of the depositions (Dkts. 167, 177). On March 4, 2016, Defendants filed their supplemental brief (Dkt. 175). On March 18, 2016, Plaintiffs filed their supplemental brief (Dkt. 179). Accordingly, Defendants' renewed motion for summary judgment is finally ripe for disposition.

---

[1] The Court had relied upon Grajeda's declaration in its Order (Dkt. 106) to the extent that the Court ruled that the declaration created a genuine issue of fact with respect to the issue of whether Green continued to hire non-Haitian workers after he told Grajeda that there was no work for his crew.

**DISCUSSION**

The Court's Order that denied Defendants' original motion for summary judgment states the background facts and relevant law (Dkt. 106).  Plaintiff argues that Joseph and Desulme's deposition testimonies create a genuine issue for trial.  The Court agrees.  Joseph and Desulme are members of the instant class.  Joseph testified during his deposition that Green had promised him that there would be work and then denied the Haitians any work after new Hispanic[2] workers arrived at the farm.  Green told Joseph to "get all those things out of there, they talk too much," referring to the Haitian workers.  Joseph testified repeatedly that Green also said "get the Haitians out of here."  Joseph also testified that he personally observed Defendants accepting applications for new Mexican workers after Green had told Joseph that there was no work left on the farm.

Similarly, Desulme testified that, after waiting for two weeks, Desulme and the other class members went to the farm to see why they were not being assigned work.  While he was there, Desulme saw non-Haitian workers arrive, whom he believed were Mexican, receive an application, and promptly given buckets to start working.  A white male worker, who was clearly in charge, then told Desulme that there was no work for "you guys," referring to Desulme and the other Haitians.  After they were told there was no work, Desulme and the other Haitians stayed at the farm and observed Mexican workers arrive and pick up buckets to begin work.

---

[2]Joseph clarified that he was using the terms Spanish and Hispanic to generally refer to Mexican workers.

Joseph and Desulme's testimonies are consistent with Jean-Charles' testimony (discussed in the Court's original Order on Defendants' motion for summary judgment) that Jean-Charles saw Hispanic workers in line after he was told that there was no work for his Haitian crew.

In sum, the record, reviewed in a light most favorable to Plaintiffs, the non-movants, reflects genuine and material disputed facts. Plaintiffs point to evidence suggesting that Green continued to process applications after he told Jean-Charles, Joseph, and Desulme that there was no remaining work. Joseph's testimony implies that the reason Green denied them work was because Joseph and the other crew members were Haitian. There is a genuine dispute regarding Green's proffered reasons for not hiring Plaintiffs. A jury could find that the real reason behind Green's failure to hire Plaintiffs was discriminatory.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. Defendants' Renewed Motion for Summary Judgment (Dkt. 153) is denied.
2. The Court will separately docket a Notice containing the Pre-Trial Conference and Trial dates.

**DONE** and **ORDERED** in Tampa, Florida on March 31, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-3084.RenewedMSJ-153-deny.wpd