# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SHELENE JEAN-LOUIS and JUDES
PETIT-FRERE, on behalf of themselves and
others similarly situated,**

      **Plaintiffs,**

**v.**                               **Case No.  8:13-cv-3084-T-30AEP**

**CLEAR SPRINGS FARMING, LLC,
FLORIDA GOLD CITRUS, INC., JACK
GREEN, JR., HOWARD LEASING , INC.,
and HOWARD LEASING III, INC.,**

      **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Partial Summary

Judgment as to Clear Springs' Employer Status (Dkt. 201), Defendant Clear Springs

Farming, LLC's Motion for Summary Judgment (Dkt. 203), the parties' respective Responses

(Dkts, 208, 212), and Jack Green, Jr.'s Affidavit (Dkt. 210).  The Court, having considered

the motions, responses, record evidence, and being otherwise advised in the premises,

concludes that Plaintiffs' motion should be granted and Clear Springs' motion should be

denied.

## INTRODUCTION

Plaintiffs Shelene Jean-Louis and Judes Petit-Frere brought the instant class action on

behalf of themselves and others similarly situated against Defendants for race, color, and

national origin discrimination in their employment under 42 U.S.C. § 1981, Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil

Rights Act, as amended, 760.01 - 760.11, Fla. Stat. (2013).  Specifically, Plaintiffs allege that

they are black/Haitian/Afro-Haitian/African American.  Defendants recruited them to pick

blueberries during the March 2012 season.   Plaintiffs, along with over 100 other

black/Haitian/Afro-Haitian/African American farm workers traveled to Lake Wales, Florida,

to pick blueberries for Defendants.   Plaintiffs' crew leader was Alteric Jean-Charles.

Plaintiffs reported for work from about March 19, 2012, until about March 27, 2012; they

were denied work each day.  Plaintiffs were never provided any work during this period of

time and returned home without any compensation.  Plaintiffs allege that Defendants' failure

to provide them with any work constituted unlawful race, color, and national origin

discrimination.

On July 1, 2014, the Court certified the instant class as:

> **any and all black/Haitian/Afro-Haitian/African American seasonal
> agricultural employees or farm-workers of Defendants who applied
> to and/or were hired by Defendants on or about March 19, 2012 for
> a specific crew with the group designation of C13 for a six (6) week
> period during the 2012 Florida harvesting season and not provided
> any work by Defendants on the basis of their race, color, and/or
> national origin.**

(Dkt. 49).

On October 25, 2016, at a hearing before this Court, Clear Springs argued, for the first

time, that it was not Plaintiffs' employer.  After discussing the matter with counsel, the Court

permitted Clear Springs and any other party to file a motion for summary judgment on the

employer issue, i.e., whether Clear Springs was an employer of Plaintiffs. Clear Springs and

Plaintiffs filed motions on this issue. As explained below, the Court holds, as a matter of

law, that Clear Springs was Plaintiffs' employer and that, at the very least, Jack Green acted

as Clear Springs' agent during the relevant time.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits,

show there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986). The existence of some factual disputes between the litigants will not defeat an

otherwise properly supported summary judgment motion; "the requirement is that there be

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248

(1986) (emphasis in original). The substantive law applicable to the claimed causes of action

will identify which facts are material. *Id.* Throughout this analysis, the court must examine

the evidence in the light most favorable to the non-movant and draw all justifiable inferences

in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the

absence of a genuine issue of material fact, whether or not accompanied by affidavits, the

nonmoving party must go beyond the pleadings through the use of affidavits, depositions,

answers to interrogatories and admissions on file, and designate specific facts showing that

there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

The undisputed facts reflect that, although Clear Springs may have contracted out some human resources and management functions to Jack Green, Florida Gold (his company with no employees), and Howard Leasing, Clear Springs remained the actual employer of the farm workers at the relevant time. As Plaintiffs point out in their motion: Clear Springs owns the blueberry farm; Clear Springs is listed on the Employment Application as the farm workers' employer; Clear Springs signed the I-9s completed by the class members as their employer; Clear Springs paid all wages; Clear Springs provided all equipment used by the workers; Clear Springs signed an agreement with Howard Leasing agreeing to retain "sole and exclusive control over the day-to-day job duties of all assigned employees" and agreed

to abide by all discrimination laws - including the ones Plaintiffs have brought suit under - as an employer; the CFO of Clear Springs was the ultimate authority in the reporting chain on the farm; and Clear Springs responded to the EEOC charges as an employer and claimed responsibility for recruiting and hiring, including responsibility for the decision not to provide work to the class members.[1]

The record is also undisputed that Jack Green acted, at the very least, as Clear Springs' agent during the relevant time. Indeed, there is strong support in the record that Jack Green was Clear Springs' employee. For example, Green has an office at Clear Springs. There is no lease agreement or any other written agreement regarding the use of this office space. Green does not maintain any other office space. Green has provided services for Clear Springs since 2004. Clear Springs was involved in the day-to-day operations of the farm and worked with Green with respect to purchases and payments. Clear Springs retained control of the finances. Clear Springs paid for Green's vehicle, fuel, office supplies, repairs and maintenance, phone, and meal expenses. Clear Springs repeatedly referred to Green as its "farm manager."

---

[1] Clear Springs' position statement to the EEOC is particularly relevant to the issue of whether it was Plaintiffs' employer because Clear Springs admitted that it recruited the crew leaders, conducted the crew leader meeting, and, in 2012, determined what crews were needed based, in part, on preference for crew leaders that had previously worked with Clear Springs. These are admissions that are highly relevant and that the Court may consider in this case. *See Cormack v. N. Broward Hosp. Dist.*, 08-61367-CIV, 2009 WL 2848998, at *3 (S.D. Fla. Aug. 28, 2009); *see also Doxie v. Chipotle Mexican Grill, Inc.*, 1:13-cv-2611-WSD, 2015 WL 5737359, at *23, fn18 (N.D. Ga. Sep. 29, 2015); *Ogden v. Hillsborough Cnty., Florida, et al.*, 8:08-cv-01187-RAL-TBM, Doc. 155, p. 4-5 (M.D. Fla. Sep. 14, 2009).

Green utilized a Clear Springs' e-mail account.  Green had a Clear Springs' business card.  The evidence reflects that other witnesses assumed Green was Clear Springs' employee.  Green would refer to the crew working on the farm as "our" crew in correspondence with Clear Springs' employees.

As noted in Green's Affidavit, although "Clear Springs gave [him] leeway to use [his] discretion in many matters involving the blueberry operations, Clear Springs had the authority to countermand any decision [he] made, including decisions regarding crew selection." (Dkt. 210-1 ¶6).  "Clear Springs regularly represents to third parties that [Green is] their [sic] agent with regard to the blueberry farming operations."  *Id.* at ¶7.  Green's Affidavit attaches Clear Springs' Food Safety Manual, which Green helped develop and which was in effect in 2012, the year in question.  The manual makes clear that Green is Clear Springs' agent.  Clear Springs' Organizational Chart also refers to Green as Clear Springs' "Operations Manager."  (Dkt. 210-1).  Notably, on the Organizational Chart, Green's name is listed on the same line as Josie Bautista, Clear Springs' Production Manager, and Rose Mary Hernandez, Clear Springs' Office Manager.  *Id.*

In sum, the Court concludes that Clear Springs acted as Plaintiffs' employer.  The Court also concludes that Green was Clear Springs' agent at the relevant time.  Accordingly, Clear Springs would be liable for any discriminatory acts on Green's part.

Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1.  Plaintiffs' Motion for Partial Summary Judgment as to Clear Springs' Employer Status (Dkt. 201) is granted.

2.      Defendant Clear Springs Farming, LLC's Motion for Summary Judgment

(Dkt. 203) is denied.

3.      Counsel's Motion for Leave to Withdraw (Dkt. 190) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record