**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SHELENE JEAN-LOUIS and JUDES**
**PETIT-FRERE, on behalf of themselves and**
**others similarly situated,**

    **Plaintiffs,**

v.                                                                                        Case No.  8:13-cv-3084-T-30AEP

**CLEAR SPRINGS FARMING, LLC,**
**FLORIDA GOLD CITRUS, INC., JACK**
**GREEN, JR., HOWARD LEASING , INC.,**
**and HOWARD LEASING III, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Second Renewed Motion in Limine to Exclude Certain Evidence (Dkt. 183) and Plaintiffs' Response in Opposition (Dkt. 194).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

### BACKGROUND

Plaintiffs Shelene Jean-Louis and Judes Petit-Frere brought the instant class action on behalf of themselves and others similarly situated against Defendants for race, color, and national origin discrimination in their employment under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil

Rights Act, as amended, 760.01 - 760.11, Fla. Stat. (2013). Specifically, Plaintiffs allege that they are black/Haitian/Afro-Haitian/African American. Defendants recruited them to pick blueberries during the March 2012 season. Plaintiffs, along with over 100 other black/Haitian/Afro-Haitian/African American farm workers traveled to Lake Wales, Florida, to pick blueberries for Defendants. Plaintiffs' crew leader was Alteric Jean-Charles. Plaintiffs reported for work from about March 19, 2012, until about March 27, 2012; they were denied work each day. Plaintiffs were never provided any work during this period of time and returned home without any compensation. Plaintiffs allege that Defendants' failure to provide them with any work constituted unlawful race, color, and national origin discrimination.

On July 1, 2014, the Court certified the instant class as:

> **any and all black/Haitian/Afro-Haitian/African American seasonal agricultural employees or farm-workers of Defendants who applied to and/or were hired by Defendants on or about March 19, 2012 for a specific crew with the group designation of C13 for a six (6) week period during the 2012 Florida harvesting season and not provided any work by Defendants on the basis of their race, color, and/or national origin.**

(Dkt. 49).

Defendants now move to exclude certain evidence from being presented at the trial.

## DISCUSSION

### I.     Defendants' Request to Exclude Particular Testimony from Salvador Grajeda

Defendants request that the Court exclude particular testimony from non-party witness Salvador Grajeda. Grajeda is another crew leader. Grajeda's crew was partially comprised

of Haitian workers. Defendants anticipate that Grajeda will testify that he observed Green hire the Hispanic/Mexican workers from Grajeda's crew and not any of the Haitian workers from Grajeda's crew after Green informed him that Green did not need additional farm labor during the 2012 blueberry harvest.

Defendants deposed Grajeda and argue that his deposition testimony reveals that he does not have personal knowledge about who Green hired. Defendants also contend that Grajeda relies on inadmissible hearsay and that his testimony is otherwise highly prejudicial. These arguments are without merit for several reasons. First, Defendants quibble about Grajeda's personal knowledge but it is impossible for the Court to analyze these issues in a vacuum. Plaintiffs should be provided the opportunity to lay the proper foundation—to the extent that foundation is lacking, Defendants may object at trial.

Second, Defendants similarly miss the mark by attempting to forecast any hearsay objections that may apply to Grajeda's testimony. Importantly, courts are "handicapped in any effort to rule on subtle evidentiary questions outside a factual context." *Luce v. United States,* 469 U.S. 38, 41 (1984). This is particularly true for potential hearsay statements that often fit a hearsay exception or can be offered for reasons other than the truth of the matter asserted. Without testimony and evidence to provide factual context, a ruling on potential hearsay issues would be premature. Thus, these arguments are denied without prejudice to address them during the trial by making the appropriate objection.

Third, Defendants' argument that Grajeda's testimony is highly prejudicial and subject to exclusion on that basis is too broad. While Grajeda's testimony may be detrimental to

Defendants, it is highly relevant to Plaintiffs' claims. Accordingly, Defendants' motion is denied with respect to their request that the Court exclude particular testimony of Grajeda. The Court reminds the parties that it strictly adheres to the Federal Rules of Evidence. Upon a timely objection, the Court will address any evidentiary arguments. Until that time, the Court cannot fairly address these issues. Thus, Defendants' motion is denied on these issues without prejudice to Defendants to renew their objections at trial.

II. **Defendants' Request to Exclude Testimony Regarding Spanish People Standing in Line after Green Told Alteric Jean-Charles There Was No Work**

As explained further in the Court's Order on the parties' motions for summary judgment (Dkt. 106), Plaintiffs' crew leader was Alteric Jean-Charles. Defendants seek to exclude Jean-Charles' testimony and the testimony of Michel Desulme and Jean Claude Joseph that they saw "Spanish People," "Mexicans," or "Spanish" individuals standing in line at the trailer allegedly filling out applications after Green told Jean-Charles that there was no work for his crew. Defendants argue that Jean-Charles, Desulme and Joseph lack personal knowledge as to "why people were standing in line in front of the trailer . . ." This argument is without merit. Jean-Charles, Desulme, and Joseph can certainly testify about what they personally observed. Of course, Defendants may object to any speculative testimony at the appropriate time. And Defendants may cross-examine these witnesses to the extent that Defendants question their personal knowledge as to why the "Spanish" or "Mexican" people were standing in line and whether Defendants actually hired them. Accordingly, Defendants' motion is denied on this issue.

### III.  Defendants' Remaining Hearsay Arguments

Defendants seek to exclude inadmissible hearsay testimony related to statements people heard from others that Green preferred to hire Mexican/Spanish workers and that there was no work for Haitians.  Again, the Court strictly adheres to the Federal Rules of Evidence.  Any such hearsay will be excluded if it is being offered for the truth and a hearsay exclusion does not apply.  As such, Defendants may assert these objections at trial and their motion on these issues is denied without prejudice.  *See Branovations, Inc. v. Ontel Products Corp.*, 2:12-CV-306-FtM-29CM, 2014 WL 407940, at *1 (M.D. Fla. Feb. 3, 2014) ("Defendant seeks a pretrial order compelling lay witnesses who testify for plaintiff to stay within the bounds of Fed.R.Evid. 701.  This is little more than an attempt to obtain an obey-the-law injunction, which have been repeatedly criticized in other contexts . . .The Court sees no reason to enter such an *in limine* order.") (internal citations excluded).

### IV.  Testimony Related to the Same Group ID

Plaintiff Judes Petit-Frere (who passed away during the pendency of this action) testified that there was a group of Mexican workers who were issued ID cards from Defendants that had the same crew number as the members of Jean-Charles' crew, and these Mexican workers went to work each day while the class members were told there was no work.  Defendants anticipate that Plaintiffs will use this testimony to show that Defendants continued to hire farm workers, specifically Mexican or Hispanic workers, from Grajeda's crew after Jean-Charles was told that there was no work available for his crew.  Defendants argue that this testimony is inadmissible because Petit-Frere lacks personal knowledge about

these workers, their ID cards, and whether they actually performed any work at Clear Springs. Defendants point to Petit-Frere's deposition testimony where he admitted that he never saw any of these Mexican workers actually working in the blueberry fields during the relevant harvest season.

The Court concludes that Petit-Frere's testimony is admissible to the extent that it is about what he personally saw or observed. Defendants can then present the evidence they have articulated in their motion so the jury can make the necessary factual determinations. Accordingly, Defendants' motion is denied on this issue.

**V.     Testimony and Evidence that Defendants Had No Creole Application Forms**

Defendants anticipate that Plaintiffs will offer into evidence testimony or documents to show that Defendants did not offer application forms in Creole. Plaintiffs may use this evidence to show Defendants' discrimination against Haitians. Defendants argue that this evidence is inadmissible because it is irrelevant, highly prejudicial, and has no probative value. The Court agrees that this evidence is not relevant to the claims in this case. Accordingly, Defendants' motion on this issue is granted.

**VI.    The Attachment to the EEOC Letter Dated 4/17/2013**

Defendants anticipate that Plaintiffs will offer into testimony a letter Clear Springs' counsel sent to the EEOC during the course of its investigation of the charges filed by Plaintiffs. Attached to this letter is a list of crew members sorted by crew and identified as black, white, or Latino. Plaintiffs may seek to use this evidence to show that there were no

Haitians working during the 2012 blueberry harvest season. Defendants argue that this anticipated evidence is irrelevant, lacks foundation, is speculative, and is highly prejudicial.

The Court concludes that this evidence is relevant: it shows that, during the relevant time, Defendants employed almost exclusively Latinos, which goes to the heart of Plaintiffs' argument that Defendants preferred Hispanic workers to Haitians. Moreover, it is difficult for the Court to conclude that the document "lacks foundation" or "is speculative," when it was prepared on Defendants' behalf during a governmental investigation. Accordingly, Defendants' motion on this issue is denied.

## VII.  Evidence of the Deaths of Judes Petit-Frere and His Wife

Defendants seek to exclude as "highly prejudicial" evidence that Judes Petit-Frere, who was a class representative, and other class members were killed in a bus accident in March of 2015. Plaintiffs' response indicates that they do not intend to put on evidence regarding their deaths unless their absence is noted or discussed during trial. The Court concludes that this evidence is not relevant to any issues in this case. Accordingly, Defendants' motion on this issue is granted.

## VIII.  Punitive Damages

Defendants argue that Plaintiffs should be precluded from introducing evidence of punitive damages because Plaintiffs have not presented any evidence to show malice or reckless indifference. This argument is inappropriate on a motion for limine. "A motion *in limine* seeks to exclude anticipated prejudicial evidence before it is actually offered, *Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984), not to determine the sufficiency of the evidence

or merits of an issue." *Soliday v. 7-Eleven, Inc.*, No. 2:09-cv-807-FtM-29SPC, 2011 WL 1837807, at *1 (M.D. Fla. April 20, 2011) (denying motion in limine to exclude punitive damages); *see also Peterson v. Corrs. Corp. of America*, No. 5:14-cv-265-MW/CJK, 2015 WL 5672026, at *2 (N.D. Fla. Sep. 25, 2015) (noting that "there is no need to disguise a motion for summary judgment in the clothing of a motion in limine" and denying motion in limine to exclude punitive damages that was "for all intents and purposes, . . . a fact-dependent motion for summary judgment on the issue of punitive damages); *Rogers v. South Star Logistics, Inc.*, No. 3:14-CV-179-WHA-WC, 2015 WL 3440335, at *2 (M.D. Ala. May 28, 2015) ("The court finds that the deadline for dispositive motions has passed, and that at this stage of the case, it would not be appropriate to enter an order excluding any evidence of wantonness or evidence meant to establish a basis for punitive damages. Defendants will be free to make an appropriate motion at the conclusion of the evidence."). Accordingly, Defendants' motion on this issue is denied.

**IX.** **Defendants' Remaining Arguments Related to Undisclosed Evidence and Witness Lists**

Defendants argue that the Court should preclude Plaintiffs from offering any expert, document, or witness not properly and timely disclosed prior to the commencement of trial. Defendants also argue that Plaintiffs should be precluded from referencing or mentioning any failure on Defendants' part to call a witness available to all parties. These requests seek an order that essentially instructs Plaintiffs to follow the rules. They are premature at this point and are denied. Moreover, the request about references to witnesses not called is peculiar

to the extent that Defendants have made no attempt to show how such a reference would prejudice them. It is similarly denied.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendants' Second Renewed Motion in Limine to Exclude Certain Evidence (Dkt. 183) is granted in part and denied in part to the extent explained herein.

**DONE** and **ORDERED** in Tampa, Florida on November 21, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record