**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SHELENE JEAN-LOUIS and JUDES
PETIT-FRERE, on behalf of themselves and
others similarly situated,**

    **Plaintiffs,**

v.                                                                   **Case No.  8:13-cv-3084-T-30AEP**

**CLEAR SPRINGS FARMING, LLC,
FLORIDA GOLD CITRUS, INC., JACK
GREEN, JR., HOWARD LEASING , INC.,
and HOWARD LEASING III, INC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon a status conference the Court held with the parties on December 6, 2016.  At that conference, the Court discussed its concerns with this case proceeding as a class action in light of the class members' request for compensatory damages.  Although the Court noted on the record that it had previously denied Defendants' Motion to Decertify the Class (Dkt. 218), the Court, upon further reflection and after conducting legal research on the issue, determined that an award of compensatory damages would be inappropriate on a class basis.  Accordingly, as discussed further below, and for the reasons stated on the record at the December 6, 2016 status conference, the Court concludes that this class action must be decertified.

## DISCUSSION

Named Plaintiffs Shelene Jean-Louis and Judes Petit-Frere brought the instant class action on behalf of themselves and others similarly situated against Defendants for race, color, and national origin discrimination in their employment under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Florida Civil Rights Act, as amended, 760.01 - 760.11, Fla. Stat. (2013).  Specifically, Plaintiffs allege that they are black/Haitian/Afro-Haitian/African American.  Defendants recruited them to pick blueberries during the March 2012 season.  Plaintiffs, along with over 100 other black/Haitian/Afro-Haitian/African American farm workers traveled to Lake Wales, Florida, to pick blueberries for Defendants.  Plaintiffs' crew leader was Alteric Jean-Charles. Plaintiffs reported for work from about March 19, 2012, until about March 27, 2012; they were denied work each day.  Plaintiffs were never provided any work during this period of time and returned home without any compensation. Plaintiffs allege that Defendants' failure to provide them with any work constituted unlawful race, color, and national origin discrimination.

On July 1, 2014, the Court certified the instant class as:

> **any and all black/Haitian/Afro-Haitian/African American seasonal agricultural employees or farm-workers of Defendants who applied to and/or were hired by Defendants on or about March 19, 2012 for a specific crew with the group designation of C13 for a six (6) week period during the 2012 Florida harvesting season and not provided any work by Defendants on the basis of their race, color, and/or national origin.**

(Dkt. 49).

Federal Rule of Civil Procedure 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." "Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation." *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

At the time Plaintiffs moved to certify the class, only class Plaintiffs' depositions had been taken. The Court concluded that common questions existed regarding whether discrimination occurred when Plaintiffs were not provided any work at the blueberry farm. The Court found that these common questions predominated because Defendants' actions were uniformly directed to all members of the putative class. (Dkt. 49).

As the case has proceeded, it has become clear that Plaintiffs seek back pay in an amount to be proven at trial; compensatory damages (including out of pocket costs and emotional distress); punitive damages; and attorney's fees. These individualized damages require an inquiry into the specific circumstances of each individual class member—such an inquiry is inappropriate under Rule 23. In other words, Plaintiffs' damages are not incidental damages that naturally flow from a common theory of injury, they are "inherently individual." *See Murray v. Auslander,* 244 F.3d 807, 812 (11th Cir.2001) (vacating Rule 23(b)(2) class certification because the claims for compensatory damages predominated over the class members' claim for equitable relief where plaintiffs "[did] not seek damages as a

group remedy" but "[i]nstead ... [sought] damages as a remedy for their alleged individual pain and suffering") (quotation marks and citations omitted)).[1]

In this case, Plaintiffs' claims for compensatory and punitive damages would require this Court to conduct an overwhelming number of mini-trials to determine highly individualized issues pertaining to each of the 125 individual Plaintiffs' damages, which, essentially precludes class treatment under Rule 23.[2] *See, e.g., Murray,* 244 F.3d at 812; *Lemon v. Int'l Union of Operating Eng'rs.,* 216 F.3d 577, 580-81 (7th Cir. 2000); *Allison v. Citgo Petroleum Corp.,* 151 F.3d 402, 410-11 (5th Cir. 1998); *see also Cooper v. So. Co.*, 390 F.3d 695, 722-23 (11th Cir. 2004), overruled on other grounds by *Ash v. Tyson Foods, Inc.*, 546 U.S. 454 (2006) (concluding, in a Title VII and Section 1981 case alleging racial discrimination, that the district court did not abuse its discretion when it determined that class certification was inappropriate under Rule 23(b)(2) and Rule 23(b)(3) because the individualized monetary damages predominated over any issues that could be established with class-wide proof). Accordingly, it would be highly inappropriate to allow this case to continue as a class action.

It is therefore **ORDERED and ADJUDGED** that:

1. The class action in this case is hereby decertified.

---

[1] Notably, Plaintiffs refused to withdraw their claim for compensatory damages at the December 6, 2016 status conference.

[2] As discussed at the status conference, an amount of back pay would also be highly individualized because some of the class members mitigated their damages by immediately finding other work while others did not look for alternative work.

2. This case shall proceed as to the named Plaintiff only, which is SHELENE JEAN-LOUIS.[3]

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

---

[3] Notably, "[i]f class certification is denied in whole or in part, the statute of limitations begins to run again as to those putative class members who were excluded from the class." *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1391 (11th Cir. 1998).